IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARRY CANFIELD,

        Plaintiff,

v.                                   CIVIL ACTION NO. 2:06-cv-00008

WEST VIRGINIA DIVISION OF
NATURAL RESOURCES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket 3]. The plaintiff did not respond to the motion. For the reasons stated herein, the court **GRANTS** the defendants motion and **DISMISSES** the case.

**I.**     **Factual Background**

The defendant, the West Virginia Division of Natural Resources ("DNR"), employed the plaintiff, Harry Canfield, from 1999 until 2003. Mr. Canfield alleges that in May of 2003, he was a security guard who was often directed to perform Campground Attendant work. As a result, Mr. Canfield asked the DNR for a promotion to the position of Campground Attendant. Mr. Canfield claims that he was denied this position on May 1, 2005. On July 23, 2003, Mr. Canfield alleges that

his supervisor, Paul Minnigh,[1] told him that he was not selected for this position because of his age. Shortly after the conversation with Mr. Minnigh, Mr. Canfield's employment ended.

On September 29, 2005, Mr. Canfield filed this action in the Circuit Court of Kanawha County alleging that the DNR's actions violated the West Virginia Human Rights Act, West Virginia Code Section 5-11-1 (2004) ("WVHRA"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 5-11-1 to -21 (2000) ("ADEA"). The DNR removed the case to this court on January 4, 2006, and filed its motion to dismiss on January 11, 2006.

## II.   The WVHRA claim

In its motion to dismiss, the DNR states that the court should dismiss the state claim against the DNR because it is barred by the running of the statute of limitations. The DNR states that the applicable statute of limitations for a WVHRA claim is two years. Accordingly, the DNR believes that the statute of limitations expired on May 1, 2005, which is two years after Mr. Minnigh informed Mr. Canfield that he did not receive the promotion.

"An action based on discrimination cognizable under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., is subject to the two-year limitation period under W. Va. Code § 55-2-12." *McCourt v. Oneida Coal Company, Inc.*, 425 S.E.2d 602, 606 (W. Va. 1992). Because the WVHRA claim is based on alleged age discrimination against Mr. Canfield, the court **FINDS** that the statute of limitations for his WVHRA claim is two years. In West Virginia, "[g]enerally the statute of limitations begins to run when a tort occurs; however, under the 'discovery rule,' the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his

---

[1] The court notes that the complaint and the memorandum in support of the motion to dismiss contain different spellings of the supervisor's name. For the purposes of this opinion, the court spells the name as it appears in the complaint.

claim." *Gaither v. City Hospital*, 487 S.E.2d 901, 906 (W. Va. 1997). Because Mr. Canfield alleges in his complaint that Mr. Minnigh told him that he did not receive the promotion because of age on July 23, 2003, this would have been the latest date that Mr. Canfield could claim that he knew about his claim. As a result, if the court found that the discovery rule applied in this case, the latest that the statute of limitations began to run is July 23, 2003.[2] Mr. Canfield did not file his claim until September 29, 2005. Accordingly, the court **GRANTS** the DNR's motion to dismiss with respect to the WVHRA claim because Mr. Canfield failed to file this action before the statute of limitations expired.

### III. The ADEA claim

The DNR also claims that the ADEA claim should be dismissed because sovereign immunity bars an individual from suing a state agency without the consent of the state. The United States Supreme Court has found that a private individual cannot sue a state agency under the ADEA because of state sovereign immunity. *See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000) (holding that the Congressional attempt to abrogate the states sovereign immunity for ADEA cases was unconstitutional). Accordingly, Mr. Canfield cannot bring a claim against the DNR because it is an agency of the state of West Virginia. The court, therefore, **GRANTS** the DNR's motion to dismiss with respect to the ADEA claim and **DISMISSES** the case.

---

[2] The court declines to decide whether the discovery rule is applicable in this case because this determination is irrelevant.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE